O

JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 11-01197 DDP |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S MOTION** |
| v. | ) | **TO DISMISS INDICTMENT** |
| | ) | |
| JOSE JESUS PACHECO BANDA, | ) | |
| Defendant. | ) | |
| _____ | ) | [Dkt. No. 26] |

Presently before the court is defendant Jose Jesus Pacheco-Banda's Motion to Dismiss Indictment. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I. Background**

In 2003, Defendants was charged with one count of possession for sale of a controlled substance, namely, methamphetamine, in violation of California Health and Safety Code Section 11378, one count of unlawful possession of cocaine base for purpose of sale,

cc: all the parties on a J&C

in violation of Health and Safety Code Section 11351.5, and one
count of possession of marijuana for sale, in violation of Health
and Safety Code Section 11359.  (Chargig Complaint, Mot. Ex. O).
After initially pleading not guilty, Defendant withdrew his plea
and, according to the minute order of the change of plea hearing,
pled nolo contedere (no contest) to "a violation of Section 11378
H&S in Count 01."  (Minute Order, Mot. Ex. Q.)  The minute order
further stated that Defendant made his plea pursuant to <u>People v.
West.</u>  (<u>Id.</u>)  According to the abstract of judgment, Defendant was
convicted of one count of "Poss Cont Substance for Sale" in
violation of "HS 11378."  (Abstract of Judgment, Mot. Ex. P.)
Neither the minute order nor the abstract of judgment make any
reference to a particular controlled substance.  At the plea
colloquy, the following exchange took place:

| | |
|---|---|
| The Court: | September 16 in possession of a controlled substance, methamphetamine or - - that's possession for sale? |
| [The Government]: | Sale. |
| The Court: | Which count do you want? |
| [Defense Counsel]: | One. |
| The Court: | Possession [for] sale of methamphetamine, in violation of section 11378 of the health and safety code, a felony. |
| Defendant: | No contest. |
| The Court: | You understand no contest is the same thing as a guilty plea? |
| Defendant: | Yes. |
| The Court: | Counsel, is there a factual basis? And do you join in the waivers and concur in the plea? |
| [Defense Counsel]: | Pursuant to <u>West</u>, yes. |

(Colloquy, Mot. Ex. R at 3-4).

In March 2004, United States Immigration and Customs Enforcement ("ICE") filed a Notice of Intent to Issue a Final Administrative Removal Order, alleging that Defendant was a Mexican national who entered the United States without inspection, was not lawfully admitted for permanent residence, and had been convicted in September 2003 of "Possession of Methamphetamine for Sale in violation of Section 11378 of the California Health and Safety Code." (Mot. Ex. C). The Notice of Intent charged Defendant as deportable an aggravated felon under 8 U.S.C. [§] 1101(a)(43)(B). (Id.) The Notice of Intent, which also stated that Defendant could rebut the charges, request withholding or deferral of removal, or seek review in the United States Court of Appeals. (Id.) Defendant acknowledged receipt of the Notice and signed an area of the form indicating that he waived his rights to rebut the charges and apply for judicial review. (Id.) Defendant was found deportable as charged and removed. (Mot. Exs. D, E.)

ICE encountered Defendant in California again in 2005. ICE issued another Notice of Intent to Issue a Final Administrative Removal Order, substantially identical to the 2004 Notice of Intent. (Mot. Ex. G.) Defendant again signed the waiver form, was again found deportable as an aggravated felon, and was removed. (Mot. Exs. H-I.)

In 2006, Defendant again ended up in ICE custody. This time, ICE issued a Notice of Intent/Decision to Reinstate Prior Order. (Mot. Ex. J). The 2006 Notice alleged that Defendant had been removed in 2005 and was subject to (re)removal by reinstatement of

the 2005 order. (Id.) The 2006 Notice informed Defendant that he could contest the determination, but had no right to a hearing before an immigration judge. (Id.) Defendant again waived his right to contest the determination, and was removed. (Id.; Mot. Ex. K.)

Defendant ran afoul of ICE again in 2007. ICE again issued a Notice of Intent/Decision to Reinstate Prior Order based on the 2005 order. This 2007 Notice was virtually identical to the 2006 Notice. Defendant again signed a form waiving his rights, and was removed. (Mot. Exs. M, N.)

In 2011, Defendant was charged in this court with illegal reentry into the United States after official deportation and removal, in violation of 18 U.S.C. §§ 1326(a), (b)(1), and (b)(2). (Dkt. No. 11.) Defendant now moves to dismiss the indictment on the ground that all four removal orders entered against him from 2004 to 2007 were invalid.

**II. Legal Standard**

"A defendant charged with illegal reentry under 8 U.S.C. § 1326 has Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004). To succeed, a defendant must demonstrate that 1) he exhausted all administrative remedies, 2) the underlying removal proceedings improperly deprived him of the opportunity for judicial review, and 3) the entry of the removal order was fundamentally unfair. (Id.) Entry of an order is fundamentally unfair if it violated an alien's due process rights and the alien

suffered prejudice as a result. United States v. Reyes-Bonilla, 671 F.3d 1036, 1043 (9th Cir. 2012).

**III. Discussion**

    A.  Whether Defendant Was Convicted of An Aggravated Felony

Under 8 U.S.C. § 1227(a)(2)(A)(iii), any alien who is convicted of an aggravated felony is deportable. The 2004 and 2005 removals were based on the fact, now disputed, that Defendant had been convicted of an "aggravated felony." The definition of "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of title 21) . . . ." 8 U.S.C. § 1101(a)(43)(B).

The parties appear to agree that a violation of California Health and Safety Code Section 11378 is not categorically, or by definition, an "aggravated felony" under federal law. See Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1157-58 (9th Cir. 2008) (en banc). The question, therefore, under the modified categorical approach, is whether Defendant's conviction rested upon facts that qualify the offense as an "aggravated felony" under the generic, federal definition. See United States v. Aguila-Montes de Oca, 655 F. 3d 915, 924 (9th Cir. 2011) (en banc) (per curiam). In conducting this analysis, the court may not look to particular facts underlying the conviction, but rather must limit its inquiry to the record of conviction, including the charging document, plea agreement and colloquy (if any), and other reliable judicial documents, such as minute orders. United States v. Leal-Vega, 680 F.3d 1160, 1168 (9th Cir. 2012).

Here, the court must determine whether the record of conviction establishes that Defendant was convicted of possession

5

of methamphetamine for sale.  See 21 U.S.C. § 812.  Only two documents in the record of conviction refer specifically to methamphetamine.  The criminal complaint specifically identifies methamphetamine as the controlled substance at issue.  A charging paper alone, however, cannot establish an element of conviction. United States v. Wenner, 351 F.3d 969, 974 (9th Cir. 2003).  The court must therefore look to the facts as established by the plea colloquy.

At the plea hearing, defense counsel informed the court that Defendant wished to plead under count one of the indictment.  The court described count one as "Possession for sale of methamphetamine."  Defendant then pleaded no contest.  When the court asked counsel to confirm whether there was a factual basis for the plea, counsel responded, "Pursuant to West, yes."

Counsel's reference to People v. West, 3 Cal. 3d 595 (1970), is critical.  The government argues that a West plea requires a factual basis, and, because defense counsel did not identify any facts other than those charged, Defendant must have pleaded to possession for sale of methamphetamine.  (Opp. at 11.)  The government further argues that because the court mentioned methamphetamine before counsel stated, "Yes, pursuant to West," Defendant was pleading specifically to possession for sale of methamphetamine.  (Opp. at 12.)

Defendants arguments are not consistent with West itself, and appear to contradict intervening Ninth Circuit authority.  As the Ninth Circuit has explained, a West plea is a plea of nolo contendere that does not admit a factual basis of guilt.  United States v. Vidal, 504 F.3d 1072, 1089 (9th Cir. 2007).  A West plea

6

alone, therefore, does not establish a factual predicate to support a determination that a state conviction qualifies as a generic, federal offense. Id.; Fregozo v. Holder, 576 F.3d 1030, 1040 (9th Cir. 2009) (citing Vidal, 504 F.3d at 1089). Here, though the court of conviction did itself specify that methamphetamine was the controlled substance in question, Defendant never admitted to any facts regarding methamphetamine, and instead chose to enter a West no contest plea. Absent any specific admission of fact in the plea colloquy or reference to methamphetamine elsewhere in the record of conviction beyond the charging document, there is no factual basis to support the conclusion that Defendant was convicted of possession for sale of methamphetamine.

Lacking a sufficient basis to conclude that Defendant had been convicted of an aggravated felony, ICE could not have properly removed Defendant as an aggravated felon in 2004 or 2005. Those improper removals therefore violated Defendant's due process rights and deprived him of the opportunity for judicial review. Because the 2006 and 2007 removals were themselves based on the improper 2005 removal, they too cannot serve as a predicate element of the charged 8 U.S.C. § 1326 offense.

B. Prejudice

The government argues that Defendant was not prejudiced by the improper removals because, even if he was not removable as an aggravated felon, he was removable on other grounds and was ineligible for discretionary relief. (Opp. at 15-16.) However regardless whether Defendant could have been removed on other grounds, he was removed solely on the basis of his supposed aggravated felony. In United States v. Camacho-Lopez, an alien,

like Defendant here, was charged as removable only for having committed an aggravated felony. United States v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir. 2006). After finding that Camacho-Lopez, contrary to his Notice and Appear and removal order, had not been convicted of an aggravated felony, the Ninth Circuit held that because Camacho-Lopez was improperly removed as an aggravated felon, he "clearly suffered prejudice." Id.

The government argues that Camacho-Lopez is distinguishable because in that case, the defendant was convicted of a crime which was not an aggravated felony. (Opp. at 17 n.8.) The government appears to suggest that because the issue here is a question of fact, Camacho-Lopez does not control and Defendant here has not suffered prejudice. The court is not persuaded. Defendant here, like the defendant in Camacho-Lopez, was removed on a ground not supported by the record of conviction. Having been improperly removed, Defendant here did suffer prejudice.[1]

C. Exhaustion

A defendant may not attack his underlying removal order if he validly waived his right to appeal that order. Ubaldo-Figueroa, 364 F.3d at 1042. It is the government's burden, however, to show that a defendant made a considered and intelligent waiver. Reyes-Bonilla, 671 F.3d at 1043. When the government shows official

---

[1] Defendant further argues that, even if barred from seeking discretionary relief from removal, he could have sought voluntary departure. Had he departed voluntarily, Defendant could not have subsequently been charged with illegal reentry after removal in violation of 8 U.S.C. § 1326 (barring an intervening removal) because he never would have been removed in the first place. United States v. Ortiz-Lopez, 385 F.3d 1202, 1204 n.1 (9th Cir. 2004).

records that show a valid waiver of rights, the burden shifts to the defendant to prove that the waiver was invalid. Id.

Here, the government argues that Defendant was advised of his rights in a language that he could understand, and knowingly and intelligently waived his right to appeal by signing the Notice of Intent form. (Opp. at 4-5). Defendant argues that the Notice of Intent form alone is insufficient to show a <u>valid</u> waiver because it does not prove that Defendant understood his rights. In <u>Reyes-Bonilla</u>, the Ninth Circuit found a signed Notice of Intent insufficient to show that the alien, who did not read English and was not advised of his rights in Spanish, understood his rights and validly waived them. (<u>Id.</u> at 1044-45.)

Defendant acknowledges signing "some papers" when he was deported, but states that he did not read the papers. (Declaration of Jose Pacheco-Banda ¶ 2.) Furthermore, Defendant states that nobody read the Notice of Intent to him, or explained any of the advisories contained therein, and that he did not know he could challenge his removal. (Pacheco-Banda Dec. ¶¶ 2,3.)

Defendant has also submitted evidence that he suffers from a cognitive deficit. He has sustained multiple serious head injuries, was in a coma for approximately one month, and does not understand "big, long words." (<u>Id.</u> ¶ 4.) Defendant's contentions regarding his mental capacity appear to be congruent with a Bureau of Prisons evaluation, which found "some degree" of cognitive impairment and "[e]xtremely [l]ow" verbal comprehension. (Reply, Ex. S at 15.) In finding Defendant competent to stand trial, the evaluator suggested that legal concepts be explained to Defendant

slowly, in a concrete manner, and, if necessary, repeatedly. (Id. at 21.)

In light of this evidence, Defendant's signature on the Notice of Intent form is insufficient to establish that he made an intelligent and considered waiver of his right to appeal his removal. Defendant received no explanation of his rights whatsoever, let alone the type of slow, concrete, repeated explanation that would have been necessary to allow him to understand the concepts presented.

Furthermore, even if Defendant did receive and was able to understand an explanation of his rights, that explanation was premised upon the assumption that Defendant was an aggravated felon. As described above, the record of conviction here is insufficient to establish that Defendant was convicted of an aggravated felony. Any potential explanation Defendant received was, therefore, in all likelihood wrong. Having been misinformed about his rights, Defendant could not have knowingly and intelligently waived them. Absent a valid waiver, Defendant need not have exhausted administrative remedies, and his collateral attack on the underlying removal is properly brought.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss Indictment is GRANTED. The Court vacates the court and/or jury trial date. The Court notes there is the possibility of an ICE hold on this defendant.

IT IS SO ORDERED.

Dated: August 31, 2012

DEAN D. PREGERSON
United States District Judge